UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23489-Civ-COOKE/TURNOFF

WAYNE WELLINGTON,

    Plaintiff

vs.

ROYAL CARIBBEAN CRUISES, LTD, *et al.*,

    Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CASE is before me on Defendants' Motion to Quash for Improper Service of Process and Motion to Dismiss (ECF No. 5), and Supplemental Response to Plaintiff's Motion for Civil Action Complaint (ECF No. 12). For the reasons explained in this Order, this case is dismissed with prejudice.

### BACKGROUND[1]

*Pro se* Plaintiff Wayne Wellington began working as a cook for Royal Caribbean Cruises Ltd. ("Royal Caribbean") in 2003. On November 8, 2009, Mr. Wellington was arrested during his work shift on a Royal Caribbean vessel. Mr. Wellington alleges that the arresting officer instructed Royal Caribbean employees to return Mr. Wellington's property to his family. On September 23, 2011, Mr. Wellington initiated this action against Royal Caribbean, Jennifer LaPera (Senior Investigator), Neville Lodewyks (Human Resources Manager), Mary Chaussee

---

[1] These facts are taken from the Plaintiff's Complaint. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

(Shipboard Human Resources), and Levy (Chief Security Officer).  (ECF No. 1).  The Complaint alleges that Royal Caribbean and its employees have failed to return his property as instructed, and have infringed upon his constitutional rights in violation of 42 U.S.C. § 1983.

## LEGAL STANDARD

In reviewing a motion to dismiss, a court must take the well-pleaded facts in a plaintiff's complaint, and all reasonable inferences from those facts, as true.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Hoffend v. Villa*, 261 F.3d 1148, 1150 (11th Cir. 2001).  A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1)-(2).  To survive a motion to dismiss, a complaint must state a plausible claim for relief, and must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 556 (2007)).

## DISCUSSION

A *pro se* litigant's pleadings must be construed more liberally than pleadings drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 520–21; *see also Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1995) (With *pro se* litigants, "the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments, Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Mr. Wellington claims Royal Caribbean has retained his property illegally, in violation of 42 U.S.C. § 1983.  To the extent Mr. Wellington asserts a Fourth Amendment violation, § 1983 is applicable to the seizure of property, including in cases of repossession.  *See Soldal v. Cook Cnty.*, 506 U.S. 56, 67 (1992).  Section 1983 makes it unlawful for government employees or municipalities to deprive an individual of his rights under the Constitution.  To prevail on a claim under § 1983, a plaintiff must demonstrate "(1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law."  *Arlington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998) (citing *Willis v. Univ. Health Serv.*, 993 F.2d 837, 840 (11th Cir. 1993)).

The Defendants in this case are neither municipalities nor government employees.  Section 1983 applies to private parties only if the activities complained of significantly involve State action.  *Willis*, 993 F.2d at 840 (quoting *Greco v. Orange Mem'l Hosp. Corp.*, 513 F.2d 873, 877 (5th Cir. 1975)).[2]  In order to determine whether there is significant State involvement, the State must have either (1) coerced or significantly encouraged the action (State compulsion test), (2) directed the private party to perform functions "traditionally the exclusive prerogative of the State" (public function test) or (3) "insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise" (nexus/joint action test).  *NBC, Inc. v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026-27 (11th Cir. 1988) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982)).  Under the nexus/joint action test, the State and private actor must be "intertwined in a 'symbiotic relationship.'"  *Id.* at 1027 (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)).

---

[2] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Given a liberal construction, the Complaint fails to plead facts upon which an inference of State action can be drawn.  The State did not coerce or compel Royal Caribbean to deprive Mr. Wellington of his property, Royal Caribbean did not exercise any function that is traditionally the role of the State, and the State and Royal Caribbean are not intertwined in a symbiotic joint participant relationship.  Absent significant State involvement, Mr. Wellington's § 1983 claim fails to state a cause of action, and must therefore be dismissed.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  District courts also assert jurisdiction over civil actions where the amount in controversy exceeds $75,000, and is between citizens of different states or foreign countries.  28 U.S.C. § 1332.  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  On its face, the Complaint does not assert federal question jurisdiction.  The Complaint also fails satisfy the diversity jurisdiction amount in controversy requirement because Mr. Wellington's demand for damages is $37,000.  Thus, this Court does not have subject matter jurisdiction over this action.

Federal rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course at any time before a responsive pleading is served.  However, a district court need not allow a plaintiff to amend a complaint if the amendment would not serve to cure the defective pleading.  *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).  In this case, there is no indication that a more carefully worded complaint, or a complaint that asserts more allegations, would make Mr. Wellington's complaint sufficient to state a valid cause of action with the jurisdictional purview of the federal district court.  *See Hall v. United Ins. Co. of Am.*, 267 F.3d 1255, 1263 (11th Cir. 2004).

## CONCLUSION

For the reasons explained in this Order, Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED**.[3] "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Mr. Wellington may seek relief against Defendants in state court, should he chose to do so. This case is **DISMISSED** *with prejudice*. The Clerk is directed to **CLOSE** this case. All pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida this 31 day of January 2012.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of Record*
Wayne Wellington, *Pro Se*

---

[3] I find that it is not necessary to address the service of process issue, having found that the Complaint fails to state a valid cause of action and that the Court lacks subject matter jurisdiction.