UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-23489-Civ-COOKE/TURNOFF

WAYNE WELLINGTON,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
JENNIFER LEPERA,
NEVILLE LODEWYKS,
MARY CHAUSSEE,

    Defendants.
_____/

## OMNIBUS ORDER

THIS MATTER is before me upon Plaintiff's Motion to Submit Correspondence Between Plaintiff and Defendant as Part of the Court's Record (ECF No. 22), Defendant's Motion to Dismiss Plaintiff's Notice of Appeal (ECF No. 25), and Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 28). I have reviewed the Parties' arguments, record, and the relevant legal authorities. For the reasons set forth below, Plaintiff's Motion to Submit Correspondence is denied; Defendant's Motion to Dismiss Plaintiff's Notice of Appeal is denied for lack of jurisdiction; and Plaintiff's Motion to Proceed *In Forma Pauperis* is denied.

### I.  PROCEDURAL HISTORY

On September 23, 2011, Plaintiff filed his original Complaint against Defendants seeking the return of his personal property or the equivalent in compensation amounting to $37, 000.00. (ECF No. 1).  He amended the Complaint on October 21, 2011 in an attempt to properly serve all Defendants, state a claim, and establish subject matter jurisdiction.  (ECF No. 7).

On January 31, 2012, I granted Defendants Royal Caribbean Cruises, LTD. ("Royal Caribbean"), Jennifer LePera, and Levy's Motion to Dismiss with prejudice because Plaintiff's Complaint failed to plead facts upon which state involvement can be drawn as required by 42 U.S.C. § 1983, and failed to satisfy the diversity jurisdiction amount in controversy requirement. (ECF No. 21). After dismissing the Complaint, Plaintiff filed the instant Motion to Submit Correspondence on March 2, 2012. (ECF No. 22) Plaintiff then filed a Notice of Appeal on March 30, 2012, fifty-nine days after judgment on the Motion to Dismiss was entered. (ECF No. 24). On April 5, 2012, Defendant filed its Motion to Dismiss Notice of Appeal, which is also before me. (ECF No. 25).

## II.  DISCUSSION

### A.  Motion to Submit Correspondence[1]

Plaintiff seeks to file on the record correspondence between him and Defendant Royal Caribbean regarding settling the claims giving rise to this matter. However, evidence of an offer of valuable consideration to settle a claim, or statements made during compromise negotiations concerning the claim is inadmissible and prohibited to prove the validity of a disputed claim. Fed. R. Evid. 408(a).

In his Motion to Submit Correspondence, Plaintiff contends that the subject correspondence is a "concession of negligence on the part of the Defendant." Correspondence of this nature is strictly prohibited by the Federal Rules of Evidence for the very reason Plaintiff seeks to offer them. *See* Fed. R. Evid. 408 advisory committee's note. "[T]he purpose of the

---

[1] Although a Notice of Appeal divests this Court of jurisdiction, *see* discussion *infra* Part II.B., the Court has jurisdiction to rule on the Motion to Submit Correspondence because it was filed prior to the Notice of Appeal.

prohibitions against the admission of evidence of settlement is promotion of 'Florida's public policy to encourage settlement' and the prevention of prejudice—the 'practical impossibility to eradicate from the jury's minds the considerations that where there has been a payment there must have been liability.'" *Harris v. Grunow, et al.*, 71 So. 3d 186 (Fla. Dist. Ct. App. 2011) (quoting *Saleeby v. Rocky Elson Constr., Inc.*, 3 So. 3d 1078 (Fla. 2009)).  To permit the filing of the subject correspondence on the record would be in direct contravention of federal authority and against public policy favoring settlement of claims; therefore, Plaintiff's Motion to Submit Correspondence is denied.

  B. <u>Motion to Dismiss Notice of Appeal</u>

  Defendant has moved to dismiss Plaintiff's Notice of Appeal, arguing that the appeal was not timely filed in accordance with Federal Rules of Appellate Procedure 3(a)(1) and 4(a)(1)(A).  A notice of appeal from a judgment of a district court must be filed with the district clerk within thirty days of the date of the entry of judgment.  Fed. R. App. P. 4(a).  Here, Plaintiff filed his Notice of Appeal twenty-nine days after the prescribed deadline, arguing that he did not receive an official copy of the of the Court's Order until March 14, 2012.  Although Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure permits a district court to extend the time to file a notice of appeal if the plaintiff moves for an extension of time no later than thirty days after the entry of judgment or shows excusable neglect or good cause, Plaintiff has not moved for an extension of time. Rather, he simply filed a Notice of Appeal after the deadline.

  It is well-settled law that "the filing of a notice of appeal is an event of jurisdictional significance [because] it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Green Leaf Nursery v. E.I.*

*Dupont De Nemours and Co.,* 341 F.3d 1292, 1309 (11th Cir. 2003).  Plaintiff filed his Notice of Appeal on March 30, 2012.  Thus, this Court has been divested of jurisdiction to rule on the Motion to Dismiss.  Accordingly, the Motion to Dismiss Plaintiff's Notice of Appeal is denied for lack of jurisdiction.

      C.      <u>Motion to Proceed *In Forma Pauperis*</u>

Plaintiff moves to proceed with his appeal *in forma pauperis*.  Federal Rule of Appellate Procedure 24(a)(3) provides that a party who was permitted to proceed *in forma pauperis* in the district court may so proceed on appeal without further authorization.  Nevertheless, an appeal that is not made in good faith or is frivolous or malicious may not be taken *in forma pauperis*.  28 U.S.C. § 1915(a)(3), (e)(2)(B).  "Under 28 U.S.C § 1915(e), any *in forma pauperis* ("IFP") action or appeal shall be dismissed at anytime if it is frivolous or malicious." *Joseph v. State Mutual Life Ins. Co. of Am.,* 196 F. App'x. 760, 760-761 (11th Cir. 2006).  "In deciding whether an in forma pauperis appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).  Further, a district court is required prevent a litigant from proceeding *in forma pauperis* when the court finds the case to be frivolous or with merit. *Davis v. Ryan Oaks Apartment,* 357 F. App'x. 237, 239 (11th Cir. 2009).

Here, the Plaintiff's appeal lacks merit because there is no basis in law for the claim Plaintiff asserts.  Plaintiff failed to state a cause of action under 42 U.S.C. § 1983 because Royal Caribbean and its employees are neither municipalities nor government employees, and were not acting under the color of state law.  This Court also does not have subject matter jurisdiction  over

Plaintiff's claim because the Complaint failed to satisfy the diversity jurisdiction amount in controversy requirement. These legal deficiencies cannot be cured via an appeal. Accordingly, the Plaintiff's Motion to Proceed *In Forma Pauperis* is denied.

### III. CONCLUSION

For the reasons explained in this Order, Plaintiff's Motion to Submit Correspondence is **DENIED**; Defendant's Motion to Dismiss Plaintiff's Notice of Appeal is **DENIED** for lack of jurisdiction; and Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28TH day of June 2012.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*
*Wayne Wellington,* pro se